UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
UNITED STATES OF AMERICA,

                        Plaintiff,           **MEMORANDUM and ORDER**

-against-                                     05-CV-1607 (SLT)

RONALD A. BROW,

                        Defendant.
-----------------------------------------------------------------------x
RONALD A. BROW,

                        Third-Party Plaintiff,

-against-

RUTGERS, STATE UNIVERSITY OF NEW JERSEY,

                        Third-Party Defendant.
-----------------------------------------------------------------------x

**TOWNES, United States District Judge:**

      This is one of two, nearly identical actions in which the United States of America seeks to recover money which the U.S. Department of Education was obligated to pay Rutgers, the State University of New Jersey ("Rutgers"), upon Ronald A. Brow's alleged default on certain federally guaranteed student loans. On October 3, 2005, Mr. Brow, proceeding *pro se*, filed identical third-party complaints against Rutgers in both cases. Rutgers timely answered the third-party complaint in the second action, but did not timely file an answer in this case.

      On April 17, 2006 – more than six months after filing his third-party complaint – Mr. Brow filed a four-page document entitled, "Motion for Default." In this motion, which was not accompanied by a notice of motion, Mr. Brow stated that, "pursuant to Federal Rules of Civil Procedure 55," he was moving "this honorable Court for a motion for default." Motion for Default at 1. Although the proof of service attached to the motion also referred to his submission

as a "Motion for Default," *id.* at 3, the motion itself contained a demand for "judgement [sic] in the amount of . . . $1,957.65 . . . with cost [sic]." *Id.* at 2.

On May 15, 2006, Rutgers filed an answer to Mr. Brow's third-party complaint. One week thereafter, Rutgers filed a letter brief "in opposition to . . . Brow's motion for entry of default." Letter to Hon. Sandra L. Townes from Nicole Bearce Albano, Esq., dated May 22, 2006 ("Rutgers' Letter") at 1. Construing Mr. Brow's April 17, 2006, submission as a motion for entry of default pursuant to Fed. R. Civ. P. 55(a), Rutgers acknowledges that it failed to answer the third-party complaint in this action but argues (1) that this failure was not willful, (2) that Mr. Brow will not be prejudiced if his motion is denied, and (3) that Rutgers has a meritorious defense to the third-party action. *Id.* at 3.

As a preliminary matter, this Court must determine whether to characterize Mr. Brow's submission as a motion for a default or a motion for a default judgment. There is, of course, a "crucial distinction between the entry of a default and the entry of a default judgment." *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1152 n. 11 (2d Cir. 1995). A default may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise." Fed. R. Civ. P. 55(a). The entry of a default is, therefore, "largely a formal matter," *Pinaud*, 52 F.3d at 1152 n. 11 (quoting 6 James W. Moore et al., *Moore's Federal Practice*, ¶ 55.03[2], at 55-21 (2d ed. 1994)), and defaults are usually entered by the Clerk of Court pursuant to Rule 55(a). An entry of default is "in no sense a judgment by default," which, except under the limited circumstances set forth in Rule 55(b)(1), can be "obtained only by application to the court." *Id.*

Although Mr. Brow's submission was docketed as a motion for a default judgment, this Court agrees with Rutgers that this submission should be treated as a motion for a default

2

pursuant to Fed. R. Civ. P. 55(a). First, Mr. Brow styled his April 17, 2006, submission a "Motion for Default," not a motion for a default judgment, and Rutgers apparently relied on that label in formulating its response. Second, Mr. Brow has not otherwise applied for the entry of a default, and "entry of default is a prerequisite . . . to the Court's consideration of a motion for a default judgment," *Davis v. Castleberry*, No. 03-CV-6501L, 2004 WL 1737368, at *1 (W.D.N.Y. Aug. 2, 2004), as well as to the entry of such a judgment. *See, e.g., Jones v. Herbert*, No. 02-CV-084E(F), 2004 WL 1202933, at *2 (W.D.N.Y. May 27, 2004); *Chelsea Equip. & Services Corp. v. New York City Health & Hospitals Corp.*, No. 96 Civ. 0147 (MBM), 1997 WL 790581, at *5 (S.D.N.Y. Dec. 24, 1997); *Tarbell v. Jacobs*, 856 F. Supp. 101, 104 (N.D.N.Y. 1994); *Grant v. City of New York*, 145 F.R.D. 325, 327 (S.D.N.Y. 1992). Notably, in at least one case in which a district court entered a default judgment before a default was entered, the Second Circuit treated the judgment as an entry of default, ruling that the motion to vacate the judgment should have been considered under the Rule 55(c) standard (applicable to entries of default) and not under the Rule 60(b) "excusable neglect" standard (applicable to default judgments). *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981).

Applications for an entry of default are typically addressed to the Clerk of Court, who is expressly authorized to enter a default against a "party who has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). However, "[t]he fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so." 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice & Procedure*, Civil § 2682, at 19 (3d ed. 1998) (citing cases). "Since the court has the authority to enter a judgment by default, it impliedly has the power to . . . enter[] default" as well. *Beller & Keller v. Tyler*, 120 F.3d 21, 22

n. 1 (2d Cir. 1997). Therefore, this Court has the power to enter a default upon Mr. Brow's motion.

In arguing that this Court should not enter default against it, Rutgers asserts:

> In determining whether to enter default, or whether to vacate an order entering default, courts ask three questions: (1) whether the default was willful; (2) whether refusing or setting aside the default would prejudice the plaintiff; and (3) whether the defendant can present a meritorious defense to the underlying action.

Rutgers' Letter at 3. However, Rutgers does not offer, and this Court's independent research has not found, any authority supporting the proposition that these three factors – which are, unquestionably, "the principal factors bearing on the appropriateness of *relieving* a party of a default" under Rule 55(c), *see Meehan*, 652 F.2d at 277 (emphasis added) – must also be considered in determining whether to *enter* a default. To the contrary, the entry of default is a "ministerial" act, usually delegated to the clerk. See *Beller & Keller*, 120 F.3d at 22 n. 1; *Chelsea Equip. & Services Corp.*, 1997 WL 790581, at *5. While "[t]he clerk's function is not perfunctory," the clerk need only "examine the affidavits filed and find that they meet the requirements of Rule 55(a)" before entering a default. *Federal Practice & Procedure, supra,* Civil § 2682, at 19.

This Court need do no more than the clerk in performing this same function. The affidavits filed by Mr. Brow in this case meet the requirements of Rule 55(a). Moreover, in its letter in opposition to Mr. Brow's motion, Rutgers concedes that it was served with a summons and the third-party complaint in this action. Rutgers' Letter at 2. Accordingly, Mr. Brow's motion for an entry of default pursuant to Rule 55(a) is granted.

Rutgers may still move to set aside this entry of default pursuant Rule 55(c). This Court recognizes that Rutgers' Letter, which discusses the *Meehan* factors in some detail, could be

4

construed as such a motion. However, since Mr. Brow did not perceive it as such and has not responded to it, this Court declines to construe the Rutgers' Letter as a Rule 55(c) motion. This Court, therefore, will not address the Rule 55(c) issue at this juncture, but will hold a conference to discuss this issue and the other issues identified in Rutger's August 18, 2006, letter to this Court.

## CONCLUSION

For the reasons set forth above, Mr. Brow's "Motion for Default" – incorrectly docketed as a "Motion for Default Judgment," *see* Docket Entry #11 – is construed as a motion for entry of a default pursuant to Fed. R. Civ. P. 55(a) and is hereby **granted**. Mr. Brow and counsel for Rutgers shall appear for a conference on October 5, 2006, 10:00 a.m., at the Courthouse, 225 Cadman Plaza East, Brooklyn, New York, Courtroom 4B South, to discuss Rutgers' requests to file motions in this case. Any request for adjournment must be made **in writing** at least **two business days** prior to the scheduled appearance. Adjournments will be granted only upon consent of all parties and upon good cause shown.

**SO ORDERED.**

/ SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
September 1, 2006

5