UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
UNITED STATES OF AMERICA,

                        Plaintiff,                  **MEMORANDUM AND ORDER**

      -against-                                        05-CV-1607 (SLT)(MDG)

RONALD A. BROW,

                        Defendant.
----------------------------------------------------------------x
**TOWNES, United States District Judge:**

       This Court is in receipt of two undated submissions from *pro se* defendant/third-party plaintiff, Ronald Brow ("Mr. Brow"), both of which were received by this Court on February 10, 2009. The first submission (Docket Entry #36) consists of a two-page letter, attaching ten exhibits and a "Table of Exhibits Attachments." The letter indicates that Mr. Brow has received this Court's Order dated January 9, 2009, in which this Court advised Mr. Brow that he needed to obtain leave of this Court before serving a third-party complaint on the United States Virgin Islands ("USVI"). Mr. Brow apologizes for not seeking leave previously, and explains the basis of his claim against the USVI, alleging that the USVI has heretofore failed to satisfy a $130,000 judgment issued against it and in favor of Mr. Brow in 1989 by the Territorial Court of the Virgin Islands. Mr. Brow then "ask[s] the court in the interest of equitable justice to allowing [sic] all necessary applications to secure these funds under the order of the court considering the interest of the plaintiff United States and Defendant Third Party Plaintiff ..., which would expedite a just settlement in this matter."

       This Court construes this submission to be a request for leave to serve a Third-Party Complaint on the USVI pursuant to Fed. R. Civ. P. 14(a). Rule 14(a), which permits a defendant to implead a third party "who is or may be liable to him for all or part of the plaintiff's claim

against him," is "designed to promote judicial economy by eliminating the need for a defendant to bring a separate action against a third-party who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's claim." *Doucette v. Vibe Records, Inc.*, 233 F.R.D. 117, 119 (E.D.N.Y. 2005) (internal quotations and citation omitted). A third-party action, therefore, "must be dependent on, or derivative of, the main or third-party claim." *Bank of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 438 (2d Cir. 2000). In order for a third-party action to be appropriate, the third-party defendant's liability to the third-party plaintiff must be "dependent on the outcome of the main claim" or the third-party defendant must be "potentially secondarily liable as a contributor to the defendant." *Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29, 31 (2d Cir. 1984) (per curiam) (citing 6 Charles Alan Wright & Arthur C. Miller, Federal Practice & Procedure, Civil § 1446 (1971). "If the claim is separate or independent from the main action, impleader will be denied." 6 Charles Alan Wright, Arthur C. Miller & Mary Kay Kane, Federal Practice & Procedure, Civil § 1446 (2d ed. 1990).

Mr. Brow's proposed third-party action is separate and independent from the main action in this case. The main action, on which the United States has already been awarded judgment, relates to Mr. Brow's liability for student loans issued to Mr. Brow in the late 1970's and early 1980's. Mr. Brow's proposed third-party action seeks to execute on a judgment which was allegedly entered by the Territorial Court of the USVI in 1989, following an action relating to the termination of Mr. Brow's employment by the USVI Police Department. The USVI's liability to Mr. Brow is not at all dependent on the outcome of the main action. Indeed, according to the exhibits attached to Mr. Brow's letter, the USVI was found liable to Mr. Brow almost two decades before judgment was entered against Mr. Brow in the main action in this

case. In addition, Mr. Brow's proposed third-party complaint (Docket Entry #30) does not suggest any plausible theory under which the USVI, which did not become liable to Mr. Brow until years after he defaulted on his student loans, could be secondarily liable as a contributor in the main action. The fact that Mr. Brow could satisfy the United States' judgment against him in the main action using the money allegedly owed him by the USVI provides an insufficient basis for permitting Mr. Brow to implead the USVI. Accordingly, Mr. Brow's request for leave to serve a Third-Party Complaint on the USVI is denied. *See Consolidated Rail Corp. v. Metz*, 115 F.R.D. 216, 218 (S.D.N.Y. 1987) ("[T]he decision whether to permit impleader rests with the sound discretion of the district court.").

Mr. Brow's second submission (Docket Entry #35) requests that this Court extend his time to respond to the motion for summary judgment which has been served upon him by third-party defendant Rutgers, The State University of New Jersey ("Rutgers"). Mr. Brow explains that he needs additional time "to obtain the necessary documentation in support of the Request for Leave to proceed [with a] ... Third Party ... complaint pursuant to F.R.C.P. 14 with regard to monies owed by the Government of the U.S. Virgin Islands while simultaneously preparing to respond to the extensive submission of documents by Third Party defendants Rutgers University in their summary judgement [sic] Motion." Although Mr. Brow no longer needs to obtain documentation relating to the debt allegedly owed him by the USVI, this Court will nonetheless grant Mr. Brow the extension he requests in recognition of the likelihood that Mr. Brow will not receive a copy of this Memorandum and Order prior to the expiration of the current, February 13, 2009, deadline for his responsive papers.

## *CONCLUSION*

For the reasons stated above, Mr. Brow's request for leave to serve a third-party action upon the United States Virgin Islands is denied. Mr. Brow's time to respond to third-party defendant Rutgers' motion for summary judgment is extended to March 25, 2009. Rutgers' time to serve a reply, if any, and to file all papers relating to its motion for summary judgment is extended to April 8, 2009.

SO ORDERED.

Dated: February 12, 2009
      Brooklyn, New York

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge