UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,

-against-

RONALD A. BROW,

                Defendant.
-----------------------------------------------------------x
RONALD A. BROW,

                Third-Party Plaintiff,

-against-

GOVERNMENT OF THE UNITED STATES
VIRGIN ISLANDS, *et al.*,

                Third-Party Defendants.

-----------------------------------------------------------x

**ORDER**

05-CV-1607 (SLT) (MDG)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JAN 0 6 2010
P.M.
TIME A.M.

**TOWNES, United States District Judge:**

On December 28, 2009, defendant/third-party plaintiff Ronald A. Brow ("Mr. Brow") filed a document styled a "First Amended Complaint," naming the Government of the U.S. Virgin Islands (the "USVI") as a defendant. Although it is possible that Mr. Brow intended to commence an entirely new action, this Court construes this submission as a second attempt to commence a third-party action against the USVI. For the reasons explained in this Court's order of January 9, 2009, Mr. Brow must obtain leave of this Court before filing a new third-party action or amended the existing one. See Fed. R. Civ. P. 14(a), 15(a).

*Background*

In March 2005, the United States of America commenced this action against defendant Ronald A. Brow, seeking to recover money Mr. Brow allegedly owed on a student loan



guaranteed by the United States Department of Education. Mr. Brow, proceeding *pro se*, answered the complaint on September 23, 2005, and ten days later, filed a third-party complaint against Rutgers, the State University of New Jersey ("Rutgers"). In March 2006, the United States of America was awarded judgment on the original complaint. The third-party action against Rutgers is still pending.

On December 24, 2008 – more than three years after filing his answer to the original action – Mr. Brow filed a second third-party action, naming the Government of the United States Virgin Islands (the "USVI") as a third-party defendant. In this third-party action, Mr. Brow alleged that he was awarded over $90,000 plus costs and attorney's fees in an action against the USVI's Department of Public Safety and the Government Employees Service Commission about 20 years ago, but that the USVI has yet to satisfy the judgment against them. Mr. Brow implied that he needed the money allegedly owed him by the USVI to pay the United States' judgment in this action, alleging that the USVI has unlawfully failed to pay the "judgement [sic] owed to the plaintiff and hence [to] the Government of the United States." Third Party Plaintiff Complaint at ¶ 2.

In an order dated January 9, 2009, this Court advised Mr. Brow that he was required to obtain leave of the Court before serving his third-party complaint. About one month thereafter, on February 10, 2009, this Court received two undated submissions from Mr. Brow. This Court construed the first of these submissions – in which Mr. Brow apologized for not seeking leave previously and explained the basis of his claim against the USVI – as a motion for leave to serve a Third-Party Complaint on the USVI. *See United States v. Brow*, No. 05-CV-1607 (SLT) (MDG), 2009 WL 393645, at *1 (E.D.N.Y. Feb. 13, 2009). This Court then denied leave to

serve the third-party complaint on the ground that the proposed third party action was "separate and independent from the main action in this case." *Id.* at *1.

Thereafter, Rutgers moved for judgment on the pleadings with respect to the third-party complaints against them pursuant to Fed. R. Civ. P. 12(c) and to dismiss these complaints pursuant to Fed. R. Civ. P. 12(h)(2). Rutgers primarily argued that Mr. Brow's claims against it were barred because Mr. Brow had failed to comply with the procedural and notice requirements set forth in the New Jersey Tort Claims Act, N.J.S.A. §§ 59:1-1 to :8-9 (the "TCA"). However, because this argument was predicated on facts outside the four corners of the pleadings, this Court converted Rutgers' motion to dismiss for failure to comply with the TCA into a motion for summary judgment and gave Mr. Brow until January 11, 2010, "in which to respond to Rutgers' argument by submitting proof that he has filed the notice of claim(s) required under the TCA." *United States v. Brow*, Nos. 05-CV-1607 (SLT), 05-CV-1609 (SLT), 2009 WL 4746344, at *4 (E.D.N.Y. Dec. 7, 2009). This Court cautioned Mr. Brow that if he failed to submit this proof by January 11, 2010, Rutgers' motion would be granted and this action would be dismissed. *Id.*

### *The Current Submission*

Mr. Brow has not yet filed the proof requested in this Court's December 7, 2009, Memorandum and Order. Rather, on December 28, 2009, Mr. Brow filed a "First Amended Complaint" in which he again seeks to name the Government of the United States Virgin Islands as a defendant. Although this submission, which is accompanied by a voluminous "Table of Exhibits," bears docket number 05-CV-1607 and is entitled, "Defendant [*sic*] Third Party First Amended Complaint," it makes little or no reference to either of the cases currently pending

3

before this Court. Rather, it alludes to many of the same facts Mr. Brow alleged in the submission received February 10, 2009, which this Court construed as a motion for leave to file a third-party complaint against the USVI.

This Court recognizes the possibility that Mr. Brow is seeking to commence an entirely new action against the USVI. After all, the caption refers to Mr. Brow as the "plaintiff," refers to the USVI as the "defendant," and makes little, if any, reference to the pending actions. However, because the submission bears docket number 05-CV-1607, is entitled "Defendant [*sic*] Third Party Amended Complaint," and was not accompanied by a filing fee or an application to proceed *in forma pauperis*, this Court construes it as yet another attempt to commence a third-party action against the USVI.

For the reasons explained in this Court's order of January 9, 2009, Mr. Brow must obtain leave of this Court before filing another third-party action. Similarly, Mr. Brow cannot amend his existing third-party action to add a new party without first moving for, and obtaining, leave to amend this pleading. See Fed. R. Civ. P. 15(a). Since this Court has already denied Mr. Brow leave to file a similar – if not identical – third-party action against the USVI, *see United States v. Brow*, No. 05-CV-1607 (SLT)(MDG), 2009 WL 393645, at *1 (E.D.N.Y. Feb. 13, 2009), any motion for leave to file a third-party complaint against this party is very unlikely to be granted. This Court advises Mr. Brow that his time may be better spent preparing the submission requested in this Court's order dated December 7, 2009, proving "that he has filed the notice of claim(s) required under the TCA." *See United States v. Brow*, Nos. 05-CV-1607 (SLT), 05-CV-1609 (SLT), 2009 WL 4746344, at *4 (E.D.N.Y. Dec. 7, 2009). This Court reminds Mr. Brow

that if he fails to submit this proof on or before January 11, 2010, Rutgers' motion will be granted and this action will be dismissed. *See id.*

**SO ORDERED.**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: January 8, 2010
　　　　Brooklyn, New York